UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SCOTT CURREY; L.C., a minor; HUI XIANG CURREY, | |
| Plaintiffs, | 26-CV-2277 (LTS) |
| -against- | ORDER DIRECTING PAYMENT OF FEE OR IFP APPLICATION AND DIRECTING SIGNATURE ON COMPLAINT |
| CHINA MINSHENG BANKING CORP., LTD.; INDUSTRIAL BANK CO., LTD, | |
| Defendants. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiffs bring this action *pro se*. As set forth below, the Court directs Plaintiffs (1) to pay the $405.00 in fees necessary to initiate this action, or to each submit an application to proceed *in forma pauperis* ("IFP"); and (2) to each sign the complaint.

**DISCUSSION**

**A.    Fees**

To proceed with a civil action in this court, a plaintiff must either pay $405.00 in fees – a $350.00 filing fee plus a $55.00 administrative fee – or, to request authorization to proceed without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

Plaintiff Scott Currey submitted an IFP application but it is incomplete. Plaintiff Hui Xiang Currey did not submit an IFP application.[1] Within thirty days of the date of this order, Plaintiffs must either pay the $405.00 in fees, or must each submit a fully completed IFP

---

[1] A minor cannot proceed without counsel. *See, e.g.*, *Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005) (holding that it is "a well-established general rule in this Circuit that a parent not admitted to the bar cannot bring an action *pro se* in federal court on behalf of his or her child"). Accordingly, there is no need for L.C., who is identified as a minor, to submit an IFP application or sign the complaint.

application (or, for Scott Currey, an Amended IFP application). If Plaintiffs submit the IFP

applications, these should be labeled with docket number 26-CV-2277 (LTS).

**B.    Signature**

Plaintiff Hui Xiang Currey has not signed the complaint. Rule 11(a) of the Federal Rules

of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be

signed . . . by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a); *see Becker v.*

*Montgomery*, 532 U.S. 757, 764 (2001) (interpreting Rule 11(a) to require, "as it did in John

Hancock's day, a name handwritten (or a mark handplaced)").

Plaintiff Hui Xiang Currey is directed to sign and submit the attached the attached

declaration, within 30 days of the date of this order, or to resubmit the signature page of the

complaint with her signature.

If the signature page or declaration is filed in person or by mail, Plaintiff Hui Xiang

Currey must comply with Rule 11(a) by signing the document by hand. If the document is

submitted by email, ProSe@nysd.uscourts.gov, Plaintiff Hui Xiang Currey may use a digital

signature or a typed name with /s/ ("/s/ Hui Xiang Currey") on the signature line. *See* Local Civil

Rule 5.2 ("Any document submitted . . . [by email] must be signed by the party in one of the

following ways: (a) by signing the document and then scanning it; (b) by using a digital

signature; or (c) by typing: "/s/ [Party's Name]."").

<strong>CONCLUSION</strong>

Within thirty days of the date of this order, Plaintiffs must either pay the $405.00 in fees,

or must each submit a fully completed IFP application (or, for Scott Currey, an Amended IFP

application). Plaintiff Hui Xiang Currey is directed to sign and submit either the signature page

or the attached declaration within 30 days of the date of this order.

2

No summons or answer shall issue at this time. If Plaintiffs comply with this order, the action shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiffs fails to comply with this order within the time allowed, or seek an extension, the action will be dismissed without prejudice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:    April 2, 2026
         New York, New York

                                     /s/ Laura Taylor Swain
                                     LAURA TAYLOR SWAIN
                                     Chief United States District Judge

3