UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SCOTT MONTGOMERY CURREY,
individually and as next friend and guardian ad
litem for L.C., a minor,

                              Plaintiff,

            -against-

CHINA MINSHENG BANKING CORP.,
LTD.; INDUSTRIAL BANK CO., LTD,

                              Defendants.

26-CV-2277 (AS)

ORDER

ARUN SUBRAMANIAN, United States District Judge:

Plaintiff's motion for permission to participate in e-filing in this case, Dkt. 10, is GRANTED.

Plaintiff's motion for an extension of time to submit certified English translations of the essential exhibits in this matter, Dkt. 14, is GRANTED.

Plaintiff's motion to seal contact information and for the Court to appoint counsel for his minor daughter, Dkt. 15, is GRANTED IN PART and DENIED IN PART without prejudice. First, plaintiff says that his wife, Ms. Hui Xiang Currey, has experienced harassment over phone and email that warrants sealing her contact information on the public docket. But Ms. Currey is no longer a plaintiff in this case, and her phone number and email address are no longer on the main page of the public docket. So the motion to seal contact information is DENIED without prejudice. That said, if plaintiff identifies particular filings on the docket that he wishes to seal in part, he may identify those filings, submit narrowly tailored redacted versions of those filings with an explanation of why there is good cause to do so, and the Court will consider those requests. Second, under these circumstances, a minor may not be represented by a next friend or guardian ad litem who is not themselves represented by counsel. *See Berrios v. New York City Hous. Auth.*, 564 F.3d 130, 134–35 (2d Cir. 2009). So either L.C. or plaintiff must be represented by counsel. Because the Court must issue an "appropriate order . . . to protect a minor . . . who is unrepresented in an action," Fed. R. Civ. P. 17(c)(2), **the Court hereby directs the Clerk of Court to attempt to locate *pro bono* counsel for plaintiff and L.C. in this case**. If *pro bono* counsel is located for plaintiff, then L.C. would not need separate additional counsel.

Next, in his "letter of urgency," Dkt. 6, plaintiff refers to a motion for alternative service under Federal Rule of Civil Procedure 4(f)(3), and an accompanying memorandum of law. The Court has received neither. In any event, the Court notes that "the Hague Service Convention does not permit email service on . . . China-based defendants." *Smart Study Co., Ltd v.*

*Shenzhenshixindajixieyouxiangongsi*, 164 F.4th 164, 166 (2d Cir. 2025). And "the court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). However, since the Court has granted plaintiff's application to proceed *in forma pauperis*, Dkt. 22, **the Clerk of Court is respectfully directed to "issue and serve all process" on defendants pursuant to 28 U.S.C. § 1915(d).**

The Clerk of Court is also respectfully directed to terminate the motions at Dkts. 10, 14, and 15.

SO ORDERED.

Dated: June 4, 2026
New York, New York

ARUN SUBRAMANIAN
United States District Judge

2